UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| KAREEM S. SMITH, | ) | |
| | ) | |
|     Petitioner, | ) | Civil Action No. 7: 14-96-DCR-CJS |
| | ) | |
| V. | ) | |
| | ) | |
| ROBERT FARLEY, Warden | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
|     Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

In 1999, Kareem Smith was convicted of assault with intent to kill in the District of Columbia.[1] [Record No. 1-1] He is currently confined at United States Penitentiary Big Sandy in Inez, Kentucky. [Record No. 1] In 2013, Smith filed a habeas motion under 28 U.S.C. § 2241 claiming that his conviction for assault with intent to kill was unconstitutional. *Smith v. United States*, No. 7:13-cv-76-ART. Following a preliminary review, this Court denied the petition. *Id.*

Proceeding without counsel, Smith now petitions this Court for collateral relief under 28 U.S.C. § 2254. [Record No. 1] Smith claims, *inter alia*, that he was provided with ineffective assistance of appellate counsel, who failed to raise the following issues on direct appeal: (i) the verdict was not supported by the evidence; (ii) the prosecutor intentionally

---

[1]     Smith also faced charges of first-degree murder, possession of a firearm during a crime of violence, and possession of a firearm without a license. [Record No. 1-1, p. 2] Smith claims that he was acquitted of the firearm charges. [*Id.*] Although this assertion is not supported by the record, the disposition of these charges does not affect the Court's analysis.

-1-

misled the jury; and (iii) the conviction subjected him to impermissible double jeopardy. [Record No. 1-1]

Consistent with local practice, Smith's petition was presented to a United States Magistrate Judge for initial review and issuance of a Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1)(B). On September 22, 2014, United States Magistrate Candace J. Smith issued her report. [Record No. 3] After summarizing the factual and procedural history of the case, Magistrate Judge Smith recommended that the petition be dismissed as time-barred or as an abuse of the writ. [*Id.*]

While this Court determines *de novo* those portions of the magistrate judge's recommendations to which an objection is made, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those finding." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a magistrate judge's proposed findings of fact and recommendation waives the right to appeal. *See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). Here, Smith has failed to file timely objections to the Magistrate Judge's Report and Recommendation. Having examined the record, the Court agrees with the Magistrate Judge's recommendations concerning the issues raised by Smith's § 2254 petition. Therefore, the report will be adopted in full and Smith's petition will be denied.

### A. Time-Barred Claim

Smith urges the Court to consider his petition under 28 U.S.C. § 2254, arguing that he is serving a sentence imposed by the Superior Court of the District of Columbia and should be considered a state prisoner for the purposes of federal habeas relief. [Record No. 1-1, pp.

3-4] Assuming *arguendo* that Smith properly classified his petition under § 2254, his claims are time barred. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner has only one year in which to file a federal petition for a writ of habeas corpus. 28 U.S.C. § 2254(d). Here, Smith timely filed a Notice of Appeal from the sentence imposed on August 28, 2000, for his assault conviction. [Record No. 1-1] The District of Columbia Court of Appeals affirmed this judgment on January 24, 2005. [*Id.*] Petitioner's conviction became final on April 5, 2005, when his time for filing a petition for a writ of certiorari to the United States Supreme Court expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (a criminal conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review, denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.") Accordingly, unless the statute of limitations was tolled, Petitioner's time to file a § 2254 petition expired on April 25, 2006.

For the reasons set forth by Magistrate Judge Smith in her Report, the petition was not subject to tolling and is now time-barred. [See Record No. 3, pp. 7-8]

**B.    Abuse of Writ**

Smith is in a unique position because he was convicted in the District of Columbia. To claim relief under 28 U.S.C. § 2254, a prisoner must be "in custody pursuant to the judgment of a state court." In this Court, a "prisoner in federal custody pursuant to a judgment of the D.C. Superior Court cannot seek relief pursuant to Section 2254." *Briscoe v. Withers*, 2012 WL 5198470, at *1 (E.D. Ky. Oct 19, 2012); *see also Ford v. Rios*, 2009 WL 511136, at *3 (E.D. Ky. Mar 2, 2009). Instead, D.C. Code § 23-110 provides a petitioner's primary mechanism for redress. *Ford*, 2009 WL 511136, at *3. Accordingly, 28 U.S.C. §

2241 provides the only federal remedy available to a prisoner convicted under the District of Columbia Code. *Id.*

However, Smith's claims are not cognizable under 28 U.S.C. § 2241 because they should have been raised in his prior federal habeas proceeding. His decision to bring them now constitutes an abuse of the writ. *Daniels v. Sepanek*, 2014 WL 1093330, at *1 (E.D. Ky. Mar 17, 2014) (citing *McClesky v. Zant*, 499 U.S. 467, 489-90 (1991)). A prisoner abuses the writ of habeas corpus where he "files a petition raising grounds that were available but not relief upon in a prior petition." *Schlup v. Delo*, 513 U.S. 298, 318, n.34 (1995). The Magistrate's Report correctly addresses Smith's failure to establish cause and prejudice or a miscarriage of justice sufficient to excuse his failure to assert these claims in his first § 2241 petition. [Record No. 3, pp. 8-13] Construed as a § 2241 request for relief, the petition will is an abuse of the writ.

### C. Certificate of Appealability

A Certificate of Appealability may be issued only where the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court's denial of the requested relief is based on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 437, 484 (2000). However, when a court's denial is based on a procedural ruling, the movant must show that reasonable jurists "would find it debatable whether the motion states a valid claim of the denial of a constitutional right" and debatable "whether the court was correct in its procedural ruling." *Id.*

In the present case, Smith has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the procedural issues he seeks to raise are debatable among reasonable jurists or that the questions are adequate to deserve encouragement to proceed further. Therefore, a Certificate of Appealability will not be issued.

Smith has failed to show that he is entitled to proceed under either 28 U.S.C. § 2254 or 28 U.S.C. § 2241. Further, the petitioner's claims are properly summarized and explained in Magistrate Judge Smith's Report and Recommendation. Accordingly, it is hereby

**ORDERED** as follows:

1. The Report and Recommendation filed by United States Magistrate Judge Candace J. Smith on September 22, 2014 [Record No. 3] is **ADOPTED IN FULL** and **INCORPORATED** herein by reference.

2. Petitioner Kareem S. Smith's 28 U.S.C. § 2254 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

3. This action is **DISMISSED** with prejudice and **STRICKEN** from the Court's docket.

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of Respondent Robert Farley, Warden of USP Big Sandy.

This 15th day of October, 2014.

